IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CR 131

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| JAMES ROBERT WEST, II, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant's Motion for Pretrial Release ("Motion for Release" Doc. 55) and the Government's Motion to Dismiss Motion for Pretrial Release ("Motion to Dismiss" Doc. 57). A hearing on the motions was held on March 10, 2021. At the conclusion of that proceeding, the undersigned ruled on the motions orally. This Order follows and memorializes the disposition in further detail.

I.  **Relevant Background**

A Bill of Indictment filed on December 3, 2019 charged Defendant with sexual contact with a person less than 12 years old in violation of 18 U.S.C. §§ 2241(c) and 1153 (Count 1) and abusive sexual contact in violation of 18 U.S.C. §§ 2244(a)(5) and 1153 (Count 2). (Doc. 1).

On December 9, 2019, Defendant made his initial appearance during which counsel was appointed for him and the Government moved for pretrial

detention. Assistant Federal Public Defender Emily Jones was assigned to represent Defendant.

On December 11, 2019, Defendant was arraigned, and a detention hearing was held. Later that day, the undersigned entered a Sealed Order granting the Government's Motion for Detention ("Detention Order" Doc. 8).

On May 4, 2020, Ms. Jones filed an unopposed motion to withdraw as counsel for Defendant in light of the appearance of retained counsel Jack Stewart. That motion was allowed by text order the same day.

On August 14, 2020, a Plea Agreement and a Factual Basis were filed and a Rule 11 hearing was scheduled for August 21, 2020. That hearing was subsequently continued to August 24, 2020.

On August 24, 2020, an Amended Plea Agreement and an Amended Factual Basis were filed. Defendant's plea hearing was initiated that same day but was not completed and his guilty plea was rejected.

On August 25, 2020, Mr. Stewart filed an unopposed motion to withdraw.

During a hearing on August 28, 2020, Mr. Stewart's motion was allowed, and the Office of the Federal Defender was directed to assign new counsel for Defendant.

On August 31, 2020, Attorney Rich Cassady was assigned to represent Defendant. Upon motion of Mr. Cassady, Joshua Nielsen was subsequently appointed as second-chair counsel.

The trial of Defendant's case began on March 1, 2021. At the conclusion of the evidence, the District Court reserved ruling on an oral Rule 29 Motion and a Renewed Rule 29 Motion by Defendant. Subsequently, the jury was unable to reach a verdict and, on March 3, 2021, a mistrial was declared.

Defendant's Motion for Release was filed on March 8, 2021 and a hearing was scheduled for March 10.

The Government's Motion to Dismiss was filed on March 9. The Government also filed a Motion to Allow Alternative to Hearing Victim in Court (Doc. 58), through which the Government requested that the victim's mother be allowed to attend, and be heard during, the hearing on March 10 by electronic means. The undersigned granted that motion in part by text order the same day.

## II. Discussion

### A. Applicable Legal Standard

Defendant's Motion for Release requests that Defendant be released pending further proceedings. The Government's Motion to Dismiss argues that Defendant has not made the requisite showing under 18 U.S.C. § 3142 (f) and therefore that Defendant's Motion for Release should be dismissed. Neither party objected to the court considering both motions simultaneously during the hearing.

Pursuant to 18 U.S.C. § 3142, a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

As noted, a detention hearing was held previously in this matter and Defendant was ordered detained pending trial. During the March 10 hearing, Defendant acknowledged that the provisions of Section 3142(f) establish the standard by which Defendant's Motion for Release should be considered.

### B. Application of the Section 3142(f) Standard

Defendant contends that the failure of the jury to reach a verdict as well as the time that Defendant has spent so far in custody constitutes new information that was not available to Defendant at the time the Detention Order was entered. Defendant further argues that this information, and primarily the fact that his trial ended with a hung jury and a mistrial, is material to whether Defendant should be detained, particularly as it relates to the consideration of the weight of the evidence against Defendant.

In response, the Government concedes that while the conclusion of Defendant's trial with a hung jury and mistrial is new information that

4

Defendant did not have previously, this information is not material and should not change the Court's prior conclusion regarding detention.

Having considered the parties' filings and received the arguments of counsel, the undersigned is not persuaded that the requirements of Section 3142(f) have been satisfied such that Defendant's detention hearing should now be reopened.

To the extent that Defendant references the time he has spent in custody to date, that information is not material to a detention decision. United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989) ("Nor can the length of his current or potential future detention be considered under [3142(f)] since it is not material to the issue of risk of flight or dangerousness.").

While information regarding the hung jury was not available to Defendant at the time of his previous detention hearing, it is likewise not material to the detention of Defendant. The weight of the evidence against a defendant is a factor to be considered when a court evaluates potential pretrial detention, see 18 U.S.C. §3142(g)(2), and the Detention Order here referenced that factor. Doc. 8 at 3. However, while it did indicate that some sexual contact appeared to have occurred, the Detention Order recognized that there were, as the Government describes it, "competing narratives" about the contact.

The Detention Order also cited other relevant factors, including the nature and circumstances of the offenses charged, the history and

characteristics of Defendant, and the nature and seriousness of the danger that would be posed by his release. The undersigned also noted that the lack of information provided regarding the extent to which Defendant could come into contact with other children during a period of pretrial release was "of great significance." The Detention Order likewise took into account the rebuttable presumption against detention that arises pursuant to 18 U.S.C. §3142(e)(3). That is, the Court's detention decision was not based solely on the weight of the Government's evidence against Defendant as it was presented at that time. United States v. Baize, No. 1:13CR296-1, 2013 WL 6532704, at *3 (M.D.N.C. Dec. 12, 2013) ("the Court, in ordering detention, neither characterized the evidence against the defendant as strong nor treated the strength of the evidence as a factor favoring detention").

Therefore, assuming that the inability of the jury to reach a verdict in Defendant's trial would bear on the weight of the evidence factor under Section 3142(g), the undersigned concludes that this new information, in this case, does not have a material bearing on whether conditions of release would be appropriate and, therefore, that Defendant has not satisfied the requirements of Section 3142(f) to justify the reopening of his detention hearing.

Accordingly, Defendant's Motion for Pretrial Release (Doc. 55) is **DENIED** and the Government's Motion to Dismiss Motion for Pretrial Release (Doc. 57) is **DENIED AS MOOT**.[1]

It is so ordered.

Signed: March 11, 2021

W. Carleton Metcalf
United States Magistrate Judge

---

[1] Had Defendant's detention hearing been reopened, the victim's mother would have been provided, pursuant to 18 U.S.C. §3771, an opportunity to address the court concerning Defendant's potential release. The Government did not request that she be allowed to be heard with regard to the predicate question of whether the reopening of the detention hearing was justified in the first instance.

7