THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:19-cr-00131-MR-WCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| JAMES ROBERT WEST, II, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for § 3582(c)(2) Sentence Reduction" [Doc. 101].

**I.    BACKGROUND**

The Defendant James Robert West, II, is an enrolled member of the Eastern Band of Cherokee Indians. [Doc. 77: PSR at ¶ 9]. In June 2018, on the Qualla Boundary, the Defendant sexually assaulted his 11-year-old step-granddaughter by touching her breast and sticking his hand inside her underwear. [Id. at ¶¶ 10, 14, 16, 19].

The Defendant was charged in a Superseding Bill of Indictment with engaging in and attempting to engage in a sexual act with a person under the age of 12, in violation of 18 U.S.C. §§ 2241(c) and 1153 (Count One); engaging and attempting to engage in abusive sexual contact with a person

under the age of 12, in violation of §§ 2244(a)(5) and 1153 (Count Two); and assault with the intent to commit a felony, that being a violation of 18 U.S.C. §§ 2244(a)(5) and 1153, all in violation of 18 U.S.C. §§ 113(a)(2) and 1153 (Count Three). On April 21, 2021, the Defendant pled guilty pursuant to a written plea agreement to Count Three of the Superseding Bill of Indictment. [Docs. 67, 69]. A Presentence Report was prepared in advance of sentencing, which determined that the Defendant had zero criminal history points, which established a criminal history category of I. [Doc. 77: PSR at ¶ 47]. That criminal history category, when combined with a total offense of level of 33, resulted in a guideline range of 135 to 168 months' imprisonment. [Id. at ¶ 78]. However, because the statutorily authorized maximum sentence was ten years, the guideline term of imprisonment was determined to be 120 months. [Id. (citing U.S.S.G. § 5G1.1(a))]. On September 23, 2021, the Court sentenced the Defendant to a term of 120 months' imprisonment. [Doc. 82]. The Defendant did not appeal.

The Defendant now moves pursuant to 18 U.S.C. § 3582(c)(2) and Part B of Amendment 821 for a reduction of his sentence. [Doc. 101].

## II. DISCUSSION

Generally, the Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the Court may reduce

a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). In such a case, the Court may reduce the sentence if such a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

In considering a motion under § 3582(c)(2), the Court undertakes a two-step analysis. First, the Court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized," including calculating "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019) (quoting Dillon v. United States, 560 U.S. 817, 827 (2010)). Second, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. The Court also may consider the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10 cmt. 1(B)(iii). Ultimately, the decision to grant or deny a § 3582(c)(2) motion is within the

3

Case 1:19-cr-00131-MR-WCM   Document 102   Filed 01/16/24   Page 3 of 4

Court's discretion.  United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013).

Part B of Amendment 821, which became effective on November 1, 2023, amended U.S.S.G. § 4C1.1 to provide for a decrease of two levels from the offense level determined under Chapters Two and Three for those defendants who did not receive any criminal history points and whose offense of conviction did not include any aggravating factors.  U.S.S.G. § 4C1.1 (2023).  One of the aggravating factors identified in the revised guideline is that the offense of conviction is a "sex offense."  Id. § 4C1.1(a)(5).  Here, the Defendant's offense of conviction is clearly a "sex offense" as it involved criminal sexual abuse or attempting to commit sexual abuse, as defined in 18 U.S.C § 2241.  [See Doc. 77: PSR at ¶ 31].  As such, the Defendant does not meet the criteria for relief under Amendment 821.  Accordingly, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for § 3582(c)(2) Sentence Reduction" [Doc. 101] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 15, 2024

Martin Reidinger
Chief United States District Judge